BROWN, J., Concurring and Dissenting.
I agree with the majority that Family Code[1] section 3104 controls this case, that the section is facially constitutional, and that the matter should be remanded for the trial court to reconsider its July 2000 visitation order in light of section 3104, subdivision (f). I disagree with the majority that an order imposing grandparent visitation would never infringe on a sole custodial parent’s constitutional rights if the child’s noncustodial parent, who in this case had no visitation rights, had not seen his five-year-old daughter in five years, and has since had his own parental rights terminated, supported such visitation. Moreover, I agree with Justice Baxter that any conclusion regarding the mother’s as-applied challenge to section 3104 is premature unless and until the statute is actually applied on remand. (Conc, and dis. opn. by Baxter, J., ante, at pp. 230-232.)
*252 In addition, “to minimize the possibility of its unconstitutional application,” I agree with Justice Chin to the extent he concludes section 3104, subdivision (f), should be read to require clear and convincing evidence to rebut the presumption that grandparent visitation is not in the child’s best interest if the sole custodial parent objects. (Conservatorship of Wendland (2001) 26 Cal.4th 519, 543 [110 Cal.Rptr.2d 412, 28 P.3d 151].) Indeed, absent such a standard of proof, parents would encounter not only unwarranted judicial intrusion into their private lives, but would also incur significant costs in seemingly unending litigation that would undermine their ability to care for the very children the statute is presumably intended to protect.
Nevertheless, it is also critical to acknowledge that “[c]ases like this do not present a bipolar struggle between the parents and the State over who has final authority to determine what is in a child’s best interests. There is at a minimum a third individual, whose interests are implicated in every case to which the statute applies—the child.” (Troxel v. Granville (2000) 530 U.S. 57, 86 [147 L.Ed.2d 49, 120 S.Ct. 2054] (dis. opn. of Stevens, J.) (Troxel).) Indeed, under the statutory scheme in question, the Legislature expressly requires the trial court to “[b]alance[] the interest of the child in having visitation with the grandparent against the right of the parents to exercise their parental authority.” (§ 3104, subd. (a)(2).) Guided judicial discretion regarding this factor “protects] children against the arbitrary, exercise of parental authority that is not in fact motivated by an interest in the welfare of the child.” (Troxel, at p. 89 (dis. opn. of Stevens, J.).)
Suppose grandparents have for years devoted themselves to nurturing and raising a grandchild, acting essentially as de facto parents under circumstances in which their own child, the natural parent, has personal difficulties rendering her incapable of caring for her own child. Such grandparents fill an incalculable void in the child’s life, and have “developéd a relationship with [the] child which is not necessarily subject to absolute parental veto.” (Troxel, supra, 530 U.S. at p. 98 (dis. opn. of Kennedy, J.).) If the natural parent at some point begins to adequately care for her own child, and arbitrarily terminates contact between the grandparents and the child, it would seem the grandparents could adduce clear and convincing evidence that the child’s best interests are not being served.
In a perfect world, family conflicts would not deteriorate into public brawls; courts would not be required to intervene. Parents would always act rationally and in the best interests of their offspring, and children would never be used as pawns or treated as chattel. But we do not live in a perfect world. When courts are forced to intrude, we must rely on burdens of proof and judicial balancing acts to protect a significant sphere of parental authority and preserve as much flexibility as possible. This is not the best of all possible worlds, it is just the best we can do.
*253 Here, Emily is now nearly 10, and capable of voicing her own preferences. Her mother is a fit parent who did not oppose visitation, but who reasonably objected to the expansive order regarding her then five-year-old daughter. (Maj. opn., ante, at p. 218.) And at this point the father’s parental rights have been terminated, and hence his views regarding grandparent visitation are not relevant. The trial court may of course consider all of these circumstances on remand in determining whether any visitation order is appropriate at this point under section 3104, and if so, the scope of that order. (See maj. opn., ante, at p. 230.)
Respondents’ petition for a rehearing was denied October 20, 2004. Werdegar, J., did not participate therein. Baxter, J., and Chin, J., were of the opinion that the petition should be granted.

 All further statutory references are to this code.